IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARID WALKER, <br><br>  Plaintiff, <br><br> v. <br><br> NURSE DANIEL, JANE DOES, JOHN DOES, and UNKNOWN EMPLOYEES OF MARION COUNTY JAIL, <br><br>  Defendants. | Case No. 23-cv-104-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jarid Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently housed at Murphysboro Re-Entry Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Marion County Jail. In the Complaint, Walker alleges Defendants failed to provide him care for his injured arm.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Walker makes the following allegations: On June 21, 2021, Walker was involved in a motor vehicle accident and suffered injuries to his left arm, including a

severed vein and bicep (Doc. 1, p. 8). He received medical treatment at a hospital where doctors stopped the bleeding but left his left bicep muscle detached. The following day, Walker was released from the hospital and booked into the Marion County Jail. He was paced in the medical isolation room for observation and then moved to another medical isolation room for approximately two to three months (*Id.* at p. 9). While on medical isolation, his arm began to swell and became discolored (*Id.*).

Although he notified Nurse Daniel and other officials about his arm, he was denied medical care and treatment for months (*Id.*). He specifically asked for care from Nurse Daniel who provided him with over-the-counter pain relievers (*Id.* at pp. 11-12). When he reported that the pain relievers were ineffective, Nurse Daniel informed Walker there were no other pain medications that she could provide and that she could do nothing else to help him (*Id.*). Walker alleges that Nurse Daniel never examined his arm nor referred him to an onsite doctor at the jail (*Id.* at p. 12). Nurse Daniel failed to ensure that he received timely treatment.

Approximately three months after entering the jail, Walker was rushed to Salem hospital for an infection in his left arm (*Id.* at pp. 9-10). He required surgery the following day. Walker alleges due to the delay in receiving care, the surgeon had to remove dead and infected tissue, leaving a large hole in his left arm which was visible to the bone (*Id.*). He still suffers from chronic pain and numbness (*Id.* at p. 11). Walker alleges that he experienced a delay from June 22, 2021, until May 10, 2022, despite numerous complaints to Nurse Daniel and other unknown jail officials about his injuries (*Id.*).

## Preliminary Dismissals

Although Walker identifies a number of unknown individuals, he fails to provide enough information about these officials to state a claim. He simply refers to them as John

Doe correctional officers, Jane Doe correctional officers, and unknown jail officials (Doc. 1, pp. 1, 11). Walker fails to provide any allegations to suggest when he spoke to these officials or what care they failed to provide. Although Walker may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), he includes generic groups including correctional officers and jail officials. These claims are too generic to survive threshold review as he does not describe the unknown officials or even state the number of them. Thus, the Jane Doe correctional officers, John Doe correctional officers, and unknown jail officials are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Fourteenth Amendment medical claim against Nurse Daniel for delaying medical care for Walker's infected arm.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

As Walker was a pretrial detainee at the time his claim arose, his claim falls under the Fourteenth Amendment, which prohibits all forms of punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In order to articulate a claim for the denial of medical care in this context, a detainee must establish that (1) the defendant "acted purposefully,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

knowingly, or perhaps even recklessly," and (2) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Negligence and gross negligence do not support a claim under the Fourteenth Amendment. *Id.* at 353.

At this stage, Walker states a claim against Nurse Daniel for the delays in treating his infected arm. He alleges that he requested care from Nurse Daniel for months, and she failed to examine his arm, provide him with effective pain relief, or refer him to a doctor. That is enough to state a viable claim for the denial and delay in his medical care.

## Pending Motions

As to his motion for counsel (Doc. 3), Walker states that he contacted attorneys to take his case, but he fails to indicate who he sought counsel from and when he sought counsel. Thus, the Court finds that Walker has failed to demonstrate that he made attempts to obtain counsel on his own. His motion for counsel (Doc. 3) is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Walker to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Walker should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Nurse Daniel. All other potential claims and defendants are **DISMISSED without prejudice**, including the unknown John/Jane Doe correctional officers and jail officials.

The Clerk of Court shall prepare for Defendant Nurse Daniel: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Walker. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

5

independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  August 14, 2023**

                                                        _____
                                                        **NANCY J. ROSENSTENGEL**
                                                        **Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Walker is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Walker need not submit any evidence to the Court at this time, unless specifically directed to do so.**